IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA MINING COMPANY OF PENNSYLVANIA, LLC,<br><br>                Plaintiff,<br><br>and<br><br>PAULA KELLY, as Administratrix of the Estate of JOHN WILLIAM KELLY and PAULA KELLY,<br><br>                Involuntary Plaintiffs,<br><br>                v.<br><br>BRICKSTREET MUTUAL INSURANCE COMPANY, FEDERAL INSURANCE COMPANY,<br><br>                Defendants. | CIVIL ACTION NO.: 2:21-CV-700 |

**NOTICE OF REMOVAL BY**
**DEFENDANT FEDERAL INSURANCE COMPANY**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant Federal Insurance Company ("Federal") respectfully submits this Notice of Removal of Case No. AD-224-2021, from the Court of Common Pleas of Greene County, Pennsylvania, in which it is now pending, to be removed to the United States District Court for the Western District of Pennsylvania.

      In support of removal, Federal states as follows:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On April 6, 2021, Dana Mining Company of Pennsylvania, LLC ("Dana Mining") filed the above-captioned Complaint in the Court of Common Pleas of Greene County, Case No. AD-224-2021 ("Complaint").  See **Ex. A**, Compl.

2. On April 20, 2021, Plaintiff sent via certified mail a Summons and a copy of the Complaint to Federal Insurance Company c/o Business Commercial Registered Agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.  See **Ex. B**, Aff. Service ¶ 2.

3. Federal received the copy of the Complaint on April 26, 2021.  See **Ex. A**.

4. Defendant Brickstreet Mutual Insurance Company ("Brickstreet") was served on April 13, 2021.  See **Ex. C**, Aff. Service at Ex. "A".

5. Brickstreet consents to the removal of the action.  See **Ex. D**, Hoffman Decl. ¶ 3.

6. Therefore, this removal notice is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of Federal's receipt of the Summons and copy of the Complaint and Brickstreet consents to the removal.  See also 28 U.S.C. § 1446(b)(2)(C) (earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal).

7. Pursuant to 28 U.S.C. § 1446(a), copies of all state court "process, pleadings, and orders" served upon Federal are attached hereto, along with a copy of the docket from the Greene County website.  See **Exs. A, B, C**; see also **Ex. E**, Docket; **Ex. F**, Kelly Acceptance of Service; **Ex. G**, Brickstreet Ans.

8. Provision of such materials pursuant to § 1446(a) shall not be construed as a waiver of any of Federal's defenses in this action.

## BASIS FOR REMOVAL JURISDICTION

9. Removal is proper because this Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

<u>Complete Diversity Between Plaintiff Dana Mining and Insurer Defendants</u>

10. Defendant Federal is a corporation organized and existing under the law of the State of **Indiana** and maintains its principal place of business in **New Jersey**.

11. Upon information and belief, Defendant Brickstreet is a corporation organized and existing under the laws of the state of **West Virginia** and maintains its principal place of business in **West Virginia**. *See* **Ex. A** ¶ 6.

12. Upon information and belief, Plaintiff Dana Mining is a limited liability company ("LLC") organized under the law of the State of Delaware. *See* **Ex. A** ¶ 2. *See also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citizenship of an LLC is determined by the citizenship of each of its members).

13. Upon information and belief, and based on the publically available data that Federal was able to locate, Plaintiff Dana Mining's sole member is Mepco Intermediate Holdings, LLC. *See* **Ex. H**, Declaration of Longview Power, LLC CEO at p. 23, Corporate Organizational Chart, filed April 14, 2020 in the Bankruptcy Court for the District of Delaware, in the case captioned *In re: Longview Power, LLC, et al.*, No. 20-10951 (exhibits omitted).

14. Upon information and belief, the sole membership of Mepco Intermediate Holdings, LLC is traced up through various other "Mepco" members, up to and including member Longview Intermediate Holdings C, LLC. *See id.*; *see also Zambelli*, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated

associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.") (quotation and citation omitted).

15. While the 2020 Corporate Organizational Chart lists "Equityholders" over member Longview Intermediate Holdings C, LLC, Federal—after a diligent search of state and federal corporate filings, bankruptcy and other court filings (including the aforementioned 2020 District of Delaware Bankruptcy Court proceeding), and other public records—has not been able to identify the equityholder members of member Longview Intermediate Holdings C, LLC (and, in turn, the ultimate equityholder members of Plaintiff Dana Mining). *See e.g.* **Ex. H**.

16. Additionally, Federal has no reason to believe based on its search that any of Plaintiff Dana Mining's members share their state of citizenship with either of the Insurer Defendants. *Id.*; *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107-08 (3d Cir. 2015) (allowing a party seeking federal diversity jurisdiction to allege complete diversity in good faith if, after consulting the sources at its disposal, including court filings and other public records, the party has no reason to believe that any of the plaintiff's members share its state of citizenship); *State St. Rest. Group v. Cincinnati Cas. Co.*, No. 3:20-CV-816, 2021 WL 786013, at *4 (M.D. Pa. Feb. 10, 2021), *report and recommendation adopted*, 2021 WL 784645 (M.D. Pa Mar. 1, 2021) ("[I]t is not necessary as a matter of pleading for the party asserting diversity to provide a complete recital of the citizenship of all members of an limited liability company…. Rather, such matters are better addressed through a factual challenge to subject matter jurisdiction….").

17. Because the 30-day deadline for removal under 28 U.S.C. § 1446(b) will expire tomorrow and thereafter preclude Federal from removing this State Court Action, and since after a diligent search of the public available documents, Federal has not identified any members of

Plaintiff Dana Mining that would destroy complete diversity, Federal files this Notice of Removal in an abundance of caution, and upon information and belief that there is complete diversity of citizenship between Plaintiff and Insurer Defendants in satisfaction of 28 U.S.C. § 1332(a), in order to preserve its removal rights.  *See Lincoln Benefit Life Co.*, 800 F.3d at 109 (allowing jurisdictional discovery to ascertain whether complete diversity exists); *State St. Rest. Group*, 2021 WL 786013 at *5 ("except when the jurisdictional issues are clearly frivolous, 'the district court should ordinarily allow discovery on jurisdiction'") (quoting *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)).

<u>Involuntary Plaintiff is a Nominal Party Whose Citizenship Should Not be Considered for Purposes of Diversity Jurisdiction</u>

18. Diversity jurisdiction rests only upon the citizenship of the real parties to the controversy; nominal or formal parties' citizenship are not considered.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L.Ed. 2d 425 (1980); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).

19. A nominal party is one who is neither necessary nor indispensable to join in the action under Fed. R. Civ. P. 19.  *See Hippo Fleming & Pertile Law Offices v. Westport Ins. Corp.*, No. 3:15-322, 2016 WL 1715195, *2 (W.D. Pa. Apr. 28, 2016) *(citing Mallalieu-Golder Ins. Agency v. Exec. Risk Indem.*, 254 F. Supp. 2d 521 (M.D. Pa. 2003)); *see also Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 938 (3d Cir. 1994) (a party's indispensability is a question of federal law).

20. Plaintiff Dana Mining named as "Involuntary Plaintiffs" Paula Kelly, individually and as Administratrix of the Estate of John William Kelly.  *See* **Ex. A**.

21. Paula Kelly is the tort plaintiff in the Underlying Action.  *See* **Ex. A** ¶ 3-4; *see also Kelly* Am. Compl. at ¶ 1.

22.     Upon information and belief, Paula Kelly resides in and is a citizen of **West Virginia**.  See **Ex. A** ¶ 3; *Kelly* Am. Compl. ¶ 1.

23.     Paula Kelly has not made any claims against Defendants Federal or Brickstreet. *See Kelly* Am. Compl.

24.     Plaintiff Dana Mining's claims against Defendants Federal and Brickstreet arise out policies of insurance issued by Defendants Federal and Brickstreet to Mepco Holdings, LLC; complete relief with regard to those claims can be accorded between Plaintiff Dana Mining and Defendants Federal and Brickstreet.  See **Ex. A** ¶¶ 1, 15, 36; *see also* **Ex. A** at "Exhibit C" (Federal Policy) and at "Exhibit B" (Brickstreet Policy).

25.     Accordingly, Paula Kelly is neither a necessary nor indispensable party under Fed. R. Civ. P. 19, and her citizenship should be disregarded in assessing whether the parties satisfy the requirements of diversity jurisdiction.  *See Mallalieu-Golder*, 354 F. Supp. 2d at 525 (tort claimant is not a third-party beneficiary of an insurance contract between a tortfeasor and its insurer); *Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F. Supp. 2d 476, 483 (E.D. Pa. 2001) (a party was nominal where no claims were asserted against it and where the party had no legally protected interest in the action, but rather had a "merely financial" interest in it).

## Amount in Controversy

26.     The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is also satisfied.

27.     In a case where federal jurisdiction is based on diversity of citizenship, "the matter in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The United States Supreme Court has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2)(A) ("[T]he notice of removal may assert the amount in controversy.").

28. The party invoking diversity jurisdiction has "the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

29. However, "that burden is not especially onerous." *Id.*

30. Where the complaint does not specify a precise dollar amount sought, the Court may determine whether the amount-in-controversy requirement is satisfied based on "a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d. Cir. 1993).

31. Plaintiff Dana Mining asserts in the Complaint that it is entitled to damages against Defendants Federal and Brickstreet "in excess of $50,000.00." **Ex. A**.

32. Underlying plaintiffs similarly assert in their Amended Complaint they are entitled to damages "in excess of … $50,000.00." *See Kelly* Am. Compl.

33. However, based on a "reasonable reading of the value" of the rights asserted in the instant Complaint and the Underlying *Kelly* Amended Complaint, the amount of controversy clearly exceeds $75,000.00.

34. The present case is an insurance coverage action. Generally speaking, the Federal policy at issue has an aggregate limit of liability of $2,000,000 and an each occurrence limit of liability of $1,000,000, and the Brickstreet policy at issue has an each occurrence limit of liability of $1,000,000. *See* **Ex. A** at "Exhibit C" (Federal Policy) and at "Exhibit B" (Brickstreet Policy).

35. Plaintiff Dana Mining seeks, among other things, indemnification and reimbursement of the costs incurred in its defense of the Underlying Action, as well as punitive damages for Federal's alleged bad faith claim. *See* **Ex. A**. *See also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (punitive damages are properly considered in determining the amount in controversy).

36. Indeed, Plaintiff Dana Mining alleges that it "continues to suffer injury and is at risk of future loss in connection with the Underlying Action." **Ex. A** ¶¶ 58, 72.

37. Underlying plaintiffs allege negligence and deliberate and intentional conduct against Dana Mining for the wrongful death of John Kelly while he was working at a mine owned and operated by Dana Mining. *See* **Ex. A** ¶¶ 1, 9-12; *see generally Kelly* Am. Compl.

38. Specifically, underlying plaintiffs allege John Kelly was pinned under airlock doors for an unknown period of time until he was found unconscious, and was later pronounced dead at the hospital. *See Kelly* Am. Compl. ¶¶ 107-111.

39. Underlying plaintiffs allege that as a result, John Kelly suffered severe and conscious pain from his injuries, including blunt force trauma, and are seeking pain and suffering damages. *Id.* ¶¶ 112, 147.

40. Underlying plaintiffs also seek damages under Pennsylvania or West Virginia wrongful death and survival statutes, including for John Kelly's six (6) beneficiaries; reimbursement of medical, funeral, and administrative expenses; future lost earnings from the date of death through life expectancy; and deprivation of comfort, aid, assistance and society. *See Kelly* Am. Compl. ¶¶ 140-47.

41. Thus, a "reasonable reading of the value of the rights" asserted in the Complaint demonstrates that there is at least a reasonable probability that the sum or value of Plaintiff Dana

Mining's defense and indemnification claims arising from the Underlying Action exceed the amount of controversy required by 28 U.S.C. § 1332(a).  *See Angus*, 989 F.2d at 146.

Other Requirements

42.     Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing where such action is pending.

43.     Removal of this action to this Court is therefore proper because the Greene County Court of Common Pleas is located within the geographic area embraced by the United States District for the Western District of Pennsylvania.  *See* 28 U.S.C. § 118(c).

44.     In addition, under 28 U.S.C. § 1446(b)(2)(A), "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

45.     Defendant Brickstreet has communicated to counsel for Federal that Brickstreet consents to removal of this action. *See* **Ex. D**, Hoffman Decl. ¶ 3.

46.     For these reasons, this Court has original jurisdiction over this action and the action is removable to this Court.

### NOTICE TO ADVERSE PARTIES AND STATE COURT

47.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the clerk of the Court of Common Pleas of Greene County, Pennsylvania, and served on counsel of record and any unrepresented party.

48.     Accordingly, Federal respectfully submits that this action is removed properly pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**WHEREFORE**, Defendant Federal Insurance Company requests that the above action now pending in the Greene County Court of Common Pleas, be removed to this Court.

|  |  |
|---|---|
| Dated: May 25, 2021 | HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER<br><br>By: _____<br>Ronald P. Schiller, Bar No. 2877090<br>Bonnie M. Hoffman, Bar No. 201140 (*pro hac vice* forthcoming)<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br>T: (215) 568-6200<br>F: (215) 568-0300<br>rschiller@hangley.com<br>bhoffman@hangley.com<br><br>*Counsel for Defendant Federal Insurance Company* |

## CERTIFICATE OF SERVICE

I, Ronald P. Schiller, certify that on May 25, 2021, I caused a true and correct copy of the foregoing Notice of Removal Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, to be filed via the Court's CM/ECF System and served to the following parties in the manner described below:

**Via Email and Regular Mail**
Andrew L. Noble, Esquire
Antoinette C. Oliver, Esquire
Kate E. McCarthy, Esquire
Meyer Unkovic Scott
535 Smithfield Street, Suite 1300
Pittsburgh, PA  15222
aln@muslaw.com
aco@muslaw.com
kem@muslaw.com

*Counsel for Plaintiff Dana Mining Company of Pennsylvania, LLC*

**Via Email and Regular Mail**
Elizabeth A. Bailey, Esquire
Saltz, Mongeluzzi & Bendesky, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA  19103
ebailey@smbb.com

*Counsel for Involuntary Plaintiff Paula Kelly, individually and as administratrix of the Estate of John William Kelly*

**Via Email and Regular Mail**
Julian E. Neiser, Esquire
James C. Walls, III, Esquire
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh, PA  15219
jneiser@spilmanlaw.com
jwalls3@spilmanlaw.com

*Counsel for Defendant Brickstreet Mutual Insurance Company*

_____
Ronald P. Schiller