# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA MINING,  )  <br> ) <br> Plaintiff,  ) <br> and  ) <br> ) <br> PAULA KELLY, as Administratrix of the  ) <br> Estate of JOHN ADAM KELLY and  ) <br> PAULA KELLY,  ) <br> Involuntary Plaintiffs,  ) <br> ) <br> ) <br> vs.  ) <br> ) <br> BRICKSTREET MUTUAL INISURANCE  ) <br> COMPANY, FEDERAL INSURANCE  ) <br> COMPANY,  ) <br> ) <br> Defendants.  ) | C.A. 2:21-CV-00700 |

## **OPINION**

Robert J. Colville, United States District Judge.

Presently pending before the Court are the following motions: 1) Defendant Federal Insurance Company's ("Federal") Motion to Dismiss Count V of Plaintiff Dana Mining Company of Pennsylvania, LLC's ("Dana Mining") Complaint (ECF No. 22); and Federal's Motion to Strike or Drop as Parties Paula Kelly, Individually and as Administratrix of the Estate of John William Kelly (ECF No. 42). For the reasons stated herein, the motions will be granted.

## I. Procedural History and Factual Allegations

This action was removed from the Court of Common Pleas of Greene County on May 25, 2021. Dana Mining seeks defense and indemnity coverage from Federal for an underlying

lawsuit filed by Paula Kelly, individually and as administratrix of the estate[1] of John William Kelly, against it and other defendants, under the Mining Industries Insurance Coverage Policy issued by Federal. Dana Mining has alleged three causes of action against Federal: a claim for declaratory judgment (Count III); a claim for breach of contract (Count IV); and a claim for bad faith under 42 Pa.C.S. § 8371 (Count V). This motion seeks dismissal of Count V. Compl. at ¶¶ 83-92.

Dana Mining alleges that on March 31, 2017, certain plaintiffs filed a Complaint in state court alleging claims of negligence and deliberate and intentional conduct against multiple defendants, including Dana Mining, pursuant to Pennsylvania's Wrongful Death Statute, 42 Pa.C.S. § 8301, and Survival Act, 42 Pa.C.S. § 8302. Compl. ¶ 9. Dana Mining alleges that it was insured under a general liability insurance policy issued by Federal, that at the time the underlying action was filed, Federal was provided with a copy of the original complaint filed in that action. Compl. at ¶¶ 36, 48. By letter dated May 3, 2017, Federal denied coverage to Dana Mining, along with other named defendants in the underlying action. Compl. at ¶¶ 49. The instant bad faith claim was filed on April 6, 2021.

We have diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

## II.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and

---

[1] Also named is defendant Brickstreet Mutual Insurance Company, against whom Dana Mining asserts at Count I a declaratory judgment action, and at Count II a breach of contract action. These are not subject to the pending motions.

all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the Court need not accept legal conclusions set forth as factual allegations. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing Fed. R. Civ. P. 8(a)(2)).

In general, the statute of limitations is raised as an affirmative defense in an answer to a complaint. *See* Fed. R. Civ. P. 8. However, within the Third Circuit, a statute of limitations defense may be raised in a motion to dismiss pursuant to Rule 12(b)(6) where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal citation omitted).

### III. Discussion

#### A. Motion to Dismiss Count V

A two-year statute of limitations applies for a § 8371 claim. *See Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 236 (3d Cir. 2003); *Ash v. Cont'l Ins. Co.*, 861 A.2d 979, 984 (Pa. Super. 2004). The statute of limitations starts to run when the plaintiff's "right to institute and maintain the suit arises; lack of knowledge, mistake, or misunderstanding do not toll the running of the statute of limitations." *Barnes v. Am. Tobacco, Inc.*, 984 F. Supp. 842, 857 (E.D. Pa. 1997)

(quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc*., 468 A.2d 468, 471 (Pa. 1983)). "[A] claim accrues when a plaintiff is harmed and not when the precise amount or extent of damages is determined." *Adamski v. Allstate Ins. Co*., 738 A.2d 1033, 1042 (Pa. Super. 1999). A bad faith claim, in particular, accrues when the insurer definitively denies coverage. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 224–25 (3d Cir. 2005).

"Thus, where an insurer clearly and unequivocally puts an insured on notice that he or she will not be covered under a particular policy for a particular occurrence, the statute of limitations begins to run and the insured cannot avoid the limitations period by asserting that a continuing refusal to cover was a separate act of bad faith." *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co*., 645 F. Supp. 2d 354, 365 (E.D. Pa. 2009); *see also Goddard v. State Farm Mut. Auto. Ins. Co*., 992 F. Supp. 2d 473, 478 (E.D. Pa. 2014) ("Repeated or continuing denials of coverage do not constitute separate acts of bad faith giving rise to a new statutory period.").

Taking the Complaint's facts as true, and considering the record on which the Complaint relies, the Court finds that the bad faith claim alleged at Count V is barred by the statute of limitations. Dana Mining alleges that Federal denied coverage for the Underlying Action on May 3, 2017. Compl. ¶ 49 ("By letter dated May 3, 2017, Federal denied coverage to Dana Mining, along with other named defendants and Mepco-related entities in the Underlying Action."). Dana Mining's allegations of bad faith arise from Federal's "denial of coverage" on May 3, 2017. Compl. at ¶¶ 87-90. Thus, the two-year statute of limitations for Dana Mining's statutory bad faith claim began to run on May 3, 2017, meaning Dana Mining had until May 3, 2019 to file a claim for bad faith against Federal. However, Dana Mining did not file the instant bad faith claim until nearly four years later on April 6, 2021. Accordingly,

because this failure to file the complaint until nearly four years later violates the statute of limitations, dismissal of the claim is necessary as it is time-barred.

In an attempt to avoid this time bar, Dana Mining argues that Federal committed a separately actionable instance of bad faith on or after March 4, 2020, distinct from its initial denial of coverage, and further, that independent of this argument Dana Mining concurrently maintains a claim of bad faith at common law for which the controlling statute of limitations is four years. Neither of these arguments have merit.

First, the alleged separately actionable instance of bad faith arises from the following. Count V includes the allegation, at Compl. ¶ 88, that Federal's "continued" denial of coverage arose from its failure to reconsider its initial denial of coverage in the underlying action as a result of a ruling in the Circuit Court of Monongalia County, West Virginia. *Niece v. Dana Mining Company of Pennsylvania, LLC* et al., C.A. No. 17-C-483 (March 4, 2020). In that case, which is on appeal and is not binding on this Court, the court ruled Federal had a duty to defend Dana Mining under the same Employer's Liability Exclusion endorsement which served as a basis for denial of Dana Mining's claim in this case. According to Dana Mining, after this ruling Federal had an obligation to reconsider its initial coverage denial in the underlying action, citing *Rancoski v. Washington Nat'l Ins. Co.,* 130 A.3d 79, 99 (Pa. Super. 2015) and *Condio v. Erie Ins. Esc.,* 899 A.2d 1136 (Pa. Super. 2006). In *Rancosky*, the Pennsylvania Superior Court held that "[w]hen a plaintiff alleges a subsequent and separately actionable instance of bad faith, distinct from and unrelated to the initial denial of coverage, a new limitations period begins to run from the later act of bad faith." *Id.* at 99. "[A] refusal to reconsider a denial of coverage based on *new evidence* is a separate and *independent injury* to the insured." *Id*. (emphasis added). This argument is rejected. "In the context of an insurance claim, a continuing or repeated denial

of coverage is merely a continuation of the injury caused by the initial denial, and does not constitute a new injury that triggers the beginning of a new limitations period." *Id.* Here, there is no allegation that Federal was presented with new *facts* or new *evidence* in the underlying claim such that Federal should have reconsidered its denial and thus, trigger a new limitations period. Dana Mining as not presented any case law in support of its argument to the contrary, and the Court could find none.

Secondly, we are not persuaded by Dana Mining's argument that it has stated a common law bad faith claim. Count V expressly sites Section 8371, and the damages requested match those available under that statute. Compl. ¶ 92. "[T]here are two separate "bad faith" claims that an insured can bring against an insurer: a contract claim for breach of the implied contractual duty to act in good faith, and a statutory bad faith tort claim under 42 Pa. Cons. Stat. Ann. Section 8371." *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013) (citing *Birth Ctr. v. St. Paul Cos., Inc*., 787 A.2d 376, 390 (Pa. 2001). While statutory bad faith claims are subject to a two-year statute of limitations, contractual bad faith claims are subject to the four-year statute of limitations applicable to breach of contract claims generally. *See Haugh v. Allstate Ins. Co*., 322 F.3d 227, 237 (3d Cir. 2003). However, even if Dana Mining had plead a common law bad faith claim, it would be duplicative of the breach of contract claim set forth at Count IV. "In Pennsylvania, the common law duty of good faith and fair dealing is implied in every contract," *Tubman,* 943 F. Supp. 2d at 529, and a bad faith claim for breach of that duty sounds in contract and is subsumed within a breach of contract claim. *Burton v. Teleflex Inc.,* 707 F.3d 417, 431 (3d Cir. 2013); *Fingles v. Cont'l Cas. Co*., 2010 WL 1718289, at *3 (E.D. Pa. Apr. 28, 2010); *Zaloga v. Provident Life and Acc. Ins. Co. of Am*., 671 F.Supp.2d 623, 629 (E.D. Pa. 2009) (claims merge); *Tubman*, 943 F. Supp. 2d at 529 (same). Accordingly, any such presumed

claim for the breach of the implied contractual duty to act in good faith at Count V is dismissed with prejudice.[2]

### B. Motion to Strike or Drop Party

Next, we address Federal's motion to strike from the Complaint, or drop as parties from this insurance coverage action, the underlying tort plaintiffs Paula Kelly, individually and as Administratrix of the Estate of John William Kelly, pursuant to Federal Rules of Civil Procedure 12(f) and 21. The Court enjoys broad discretion in deciding Rule 21 motions. *Russell v. Chesapeake Appalachia, L.L.C.,* 305 F.R.D. 78, 81 (M.D. Pa. 2015), citing *Cooper v. Fitzgerald,* 266 F.R.D. 86, 88 (E.D.Pa.2010),

In its Complaint, Dana Mining named Paula Kelly, individually and as Administratrix of the Estate of John William Kelly, as "Involuntary Plaintiffs." Complaint at ¶¶ 76, 81.  As noted, Dana Mining alleges that the Kelly Plaintiffs, "[a]s []tort plaintiff[]s in the Underlying Action… [are] indispensable part[ies] under 231 Pa. Code § 2227 and [have] been joined as [] involuntary plaintiff[s]." *Id*. at ¶¶ 3-4. Neither Dana Mining nor the Kelly Plaintiffs[3] have made any other allegations as to the Kelly Plaintiffs' status as parties to this Action. While joinder of the underlying tort plaintiffs may have been appropriate in the state court action under Pennsylvania law, *see Vale Chem. Co. v. Hartford Accident & Indem. Co*., 516 A.2d 684 (Pa. 1986), this rule does not apply to actions involving insurance coverage disputes pending in the United States District Courts of Pennsylvania. *See Liberty Mutual Insurance Company v. Treesdale, Inc*., 419

---

[2] While Dana Mining seeks leave to amend Count V, the Court is instructed by Federal Rule of Civil Procedure 15(a)(2) that it "should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2). Given the foregoing hurdles, it is evident that Dana Mining cannot effectively state a claim for relief in regard to any additional a common law bad faith claim, which is subsumed in Count IV.  *See Patel v. Am. Safety Indem. Co*., 2016 WL 520994, at *4 (W.D. Pa. Feb. 10, 2016).

[3] Brickstreet has not opposed this motion, and its only counterclaim against the Kelly Plaintiffs (asserted in state Court) is its claim that it is titled to a declaration that it had no duty to defend or indemnify its insured, Dana Mining, for the underlying action.

F.3d 216, 228–29 (3d Cir. 2005) (holding federal courts sitting in diversity are not bound to follow the Pennsylvania state law requirement that injured third parties in underlying tort actions be joined to declaratory judgment actions).

Federal Rule of Civil Procedure 21 provides that on "motion or on its own, the court may at any time, on just terms, add or drop a party." Although the district court's authority to dismiss non-diverse parties who are not indispensable derives" from Rule 21, "the primary factors to be considered by the district court in determining whether a party is indispensable are listed in" Rule 19. *Field v. Volkswagenwerk AG*, 626 F.2d 293, 297 (3d Cir. 1980).

In *Treesdale*, the court found that potential intervenors had not set forth a sufficient interest in the declaratory judgment action such that intervention was warranted pursuant to Federal Rule of Civil Procedure 19 and 24(a). The Third Circuit explained that "a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action[,]" *id*. (quoting *Spring–Ford Area School District v. Genesis Ins. Co*., 158 F.Supp.2d 476, 483 (E.D. Pa. 2001)), and explained that the potential intervenors were not necessary parties under Rule 19 for the same reasons that the Third Circuit had rejected the potential intervenors' assertions that they had a sufficient interest to intervene under Rule 24(a), i.e. no property interest in the insurance policies or any other protectable interest in the policies, but rather, at most they may be impacted in their ability to collect on a judgment obtained in their personal injury actions. *Treesdale* 419 F.3d at 225.  In that same vein, the Kelly Plaintiffs, while not seeking to intervene but nonetheless were added as involuntary plaintiffs, are not necessary to the action, have no contractual relationship with either Dana Mining or Federal, and were named by Dana Mining as involuntary plaintiffs, rather than the insurer. *See Crum & Forster Indem.*

8

*Co. v. Sidelines Tree Serv.*, LLC, No. 2:20-cv-1030, *7-8, 2021 WL 3810178(W.D. Pa. Aug. 26, 2021).

After a careful review of the applicable case law and procedural rules, we hold that Involuntary Plaintiffs shall be dropped from the Complaint and as parties to this action.

## IV. Conclusion

For the foregoing reasons, Defendant Federal Insurance Company's Motion to Dismiss Count V of Plaintiff Dana Mining Company of Pennsylvania, LLC's Complaint (ECF No. 22), and Federal's Motion to Strike or Drop as Parties Paula Kelly, Individually and as Administratrix of the Estate of John William Kelly (ECF No. 42) are granted.

An appropriate Order of Court will follow.

Dated:  March 9, 2022                                      /s/ *Robert J. Colville*
                                                           Robert J. Colville
                                                           United States District Judge

cc/ecf: All counsel of record